## MOLLIE STUBBLEFIELD v. STATE.

No. A-3197.   Opinion Filed April 21, 1919.

(180 Pac. 251.)

1. **INTOXICATING LIQUORS—Possession—Sufficiency of Evidence.** Evidence **held** to sustain a conviction for having possession of intoxicating liquors with intent to violate the prohibitory liquor law.

2. **APPEAL AND ERROR—Sufficiency of Evidence—Review.** It is only in a case where there is no substantial evidence to support the verdict that the Criminal Court of Appeals will interfere, on the ground of insufficiency of the evidence.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

Mollie Stubblefield was convicted of a violation of the prohibitory liquor law, and she appeals.   Affirmed.

*Edward P. Marshall,* for plaintiff in error.

The Attorney General and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM.   Under an information filed in the county court of Tulsa county March 28, 1916, charging that on March 21, 1916, Mollie Stubblefield did have in her possession 8 pints and 50 half pints of "Old Patterson whisky," 16 half pints of "White Mule," and one-half gallon of alcohol with intent to violate provisions of the prohibitory liquor law, the defendant, after securing several continuance, was tried and convicted on September 17, 1917, and her punishment fixed at confinement in the county jail for 30 days and a fine of $50.   She has appealed from the judgment entered upon such conviction.

The sole question presented is the sufficiency of the evidence to sustain the conviction.   The only testimony is that introduced by the state, in substance as follows:

R. R. Reynolds, deputy sheriff, testified that he knows where the defendant, Mollie Stubblefield, lives, and on the day charged he visited her place, a three-room cottage occupied by Mrs. Stubblefield and her daughter, and there found in a closet the intoxicating liquors described in the information; that the door of the closet was covered by women's wearing apparel.

Frank Wolf, deputy sheriff, testified that he assisted Mr. Reynolds in the search of defendant's place, and they found the intoxicating liquors in the closet there.

At the close of the state's evidence defendant asked the court to instruct the jury to return a verdict of acquittal.

The contention is that the verdict of the jury is against the law and the evidence of the case. It is only in a case where there is no substantial evidence to support the verdict that this court will interfere on the ground of the insufficiency of the evidence. It is apparent that the facts disclosed by the testimony in this case do not bring it within that rule.

Finding no reversible error in the record, the judgment is affirmed.